JOSHUA K. BURGESS, Respondent, v. DANIEL RANSOM, Appellant.

Kansas City Court of Appeals, November 22, 1897.

1. **Partnership**: ACTION FOR AN ACCOUNTING: PLEADING: BURDEN OF PROOF. In an action by one partner against his copartner for an accounting, where the defendant on the dissolution had taken possession of the accounts of the firm for collection, the plaintiff should charge that the accounts so received were good and collectible and the burden is on him to show they were such and the defendant will not be liable for accounts not proven to be solvent and collectible by the use of proper diligence.

2. ———: ———: ———: ———: DEFENSE.  On the evidence in this case it appears that the defense in the answer is fully sustained and that the defendant had in good faith endeavored to settle up the affairs of the partnership and made all proper entries of his transactions on the partnership books.

3. ———: ———: PROCEEDING ON REHEARING.  If on rehearing the plaintiff should undertake to establish the solvency of the accounts in defendant's hands, defendant should be allowed additional testimony in reference to the allegations of his answer.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED.

*John F. Imel* and *S. S. Brown* for appellant.

(1)  The defendant is only accountable as a collecting agent, and should only be charged with those accounts which he collected or which he might with reasonable diligence have collected.  And the burden is on the plaintiff to prove that the debtors are solvent and that the accounts could have been collected by the use of proper diligence.  *Phelan v. Hutchinson,* Phil. Eq. N. C. 116; 93 Am. Dec. 603; *Story v. Moon,* 3 Dana (Ky.), 331; *McCrae v. Robeson,* 2 Murph. N. C. 127.

*Reed & James* for respondent.

Had defendant accounted for the book accounts turned over to him for collection, and showed diligence in trying to collect for the firm, and tendered the uncollected accounts into court, the case cited would be applicable, but not so under the facts disclosed in case at bar; defendant was not pretending to collect for the firm, but for himself, and entered such collections "in his private ledger."

SMITH, P. J.—This is a suit in equity for an account between partners.

It appears that the plaintiff and defendant, as partners, were engaged in the livery and feed business for about fourteen months, at the end of which period the partnership was dissolved by mutual consent. By agreement all the assets of the copartnership, except the credits, were equally divided between the partners.

It is alleged in the plaintiff's petition that by the agreement the credits were turned over to the defend-

PLEADINGS.

ant to be by him collected and converted into cash, and the proceeds to be divided between plaintiff and defendant, as their respective interest therein might appear. It was further alleged that defendant had refused to permit the plaintiff to examine the partnership books; that the defendant had collected a large amount of the notes and accounts so turned over to him, but the amount thereof plaintiff was unable to state.

It was further alleged that the notes and accounts so turned over to defendant amounted to between $2,000 and $3,000 which *were good and collectible and with ordinary diligence on the part of defendant could have been collected;* and that there were no debts due by the partnership, etc.

The answer admitted that the unsettled business of the partnership was by agreement turned over to defendant to be by him settled up. It then alleges that defendant in good faith had been engaged in settling up and adjusting the affairs of the partnership. There was a denial of the other allegations of the petition.

The replication denied every allegation of the answer except the admissions.

The case was sent to a referee, who heard the same and made a report of his findings, accompanied by the evidence. The defendant filed exceptions to the report which were overruled. The chancellor, however, modified the findings of the referee, which were for plaintiff, by reducing the amount thereof from $1,816.94, with interest, to $422.25, with the additional sum of $233.05 interest, and decreed accordingly.

The defendant, after an unsuccessful motion for a new trial, took an appeal here.

It appears from the bill of exceptions that the learned chancellor who heard the cause in disposing of the motion for a new trial declared that under the pleadings it was not incumbent on the plaintiff to prove any of the accounts receivable, charged against defendant by the referee, were good and collectible.

PARTNERSHIP: action for an accounting: pleading: burden of proof.

This ruling we think erroneous. *Phelan v. Hutchison*, to be found at page 116 of Phillip's Reports of Cases in Equity, determined by the supreme court of North Carolina, was a case quite analogous to this. There, as here, in dissolution, the effects of the partnership went into the hands of one of the partners. There were filed exceptions to the report of the master. In passing upon the first exception, the court said: "As Brawley, on the dissolution of the firm, took all the notes and accounts into his possession, and assumed the entire control in regard to making collections and settling up the business, he is to be treated as a collecting agent, and should be charged with all the notes he has actually collected, or which he might with reasonable diligence have collected. Whereas the report charges him with all the notes and accounts, except such as were proved to be insolvent. It also should have excepted all those which were not proved to be solvent and in regard to which it was not proved

that they could have been collected by the use of proper diligence.''

It is thus seen that it was improper to cast upon the defendant the burden of showing what accounts in his hands were bad. The petition alleged, as a part of the plaintiff's cause of action, that the accounts were good and collectible, and with ordinary diligence could have been collected. There was no evidence adduced before the referee to sustain this allegation. This was made a ground of exceptions to the report of the referee and the chancellor denying the same invoked and applied the erroneous rule already stated. There is no rule of practice to which our attention has been called, that under the state of the pleadings would relieve the plaintiff of the burden of proving the solvency of the accounts in question.

Neither the referee nor the chancellor in revising the report of the former made any reduction from the aggregate amount of the accounts turned over to defendant on account of the insolvency of any of such accounts. All of the accounts, except those amounting to about $500 which plaintiff testified were by mutual consent withdrawn from the operation of the dissolution agreement and divided between plaintiff and defendant, were treated as if the same were solvent and collectible, when the face of the partnership books showed that the plaintiff himself, who is an expert bookkeeper and accountant, had carefully gone over the same and by marks and words had indicated thereon which of said accounts were good and which were bad. Those marked bad amounted in the aggregate to many hundred dollars. Besides this the undisputed testimony of the defendant was to the effect that a great number of these accounts were bad and uncollectible. Yet neither the referee nor the chancellor paid the least heed to this indubitable evidence. The defendant was

charged by the referee with a great number of accounts, amounting to several hundred dollars, which were confessedly bad and uncollectible, and could not have been collected by ordinary diligence. And though the attention of the chancellor was called to this in an appropriate way by defendant the charge was not disturbed. To let a decree in such case stand would, in our opinion, be opposed to equity and good conscience.

Turning now to the defense interposed by the defendant's answer, and we can not resist the conclusion that it was well sustained by the proofs advanced by him. It very clearly appears from the testimony of the defendant and that of Mrs. Graham, the daughter of defendant who kept the partnership books after the dissolution, that after the defendant had collected sufficient amount of the accounts to pay off certain conceded liabilities of the partnership, that the accounts remaining, except the Horner note for $14 still in defendant's hands, were equally divided between the plaintiff and defendant and so entered in the partnership books of account.

The plaintiff in his testimony admits this with qualification. His testimony was that only $543 of the accounts were divided, and that the same were regarded as bad. He testified, however, that of the accounts received by him he collected $229.45. He further testified that defendant, in delivering him his part of the accounts just referred to, had placed therewith a number of other accounts, but he was unable to identify any of such accounts. It seems that the case had been previously heard before one or more referees and that his testimony now in the record before us is in many material respects quite at variance with that given at former hearings. These variances it seems to us are inexplicable and are calculated to greatly weaken the probative force of his entire testimony.

This suit was brought more than ten years ago and we are greatly inclined to think that the allegations of the answer to the effect that the defendant had, since the dissolution, in good faith been engaged in settling up the affairs of the partnership, and that the transactions of the defendant in respect to the same had been properly entered in the partnership books, are all well sustained by the great preponderance of the evidence. If the defendant's testimony is to be believed there is little or nothing in his hands for which he should account.

But should the defendant's theory of the case be rejected and that of the plaintiff accepted, still the latter would not be entitled to recover any more than his moiety of the accounts that he proves were "good and collectible," or that were either collected or could have been collected by the exercise of ordinary diligence, and this is about the only undetermined issue made by the petition and answer.

We are unable to discover that the evidence in respect to the stone wall item is in the least relevant under any issue made by the pleadings. It should, as the pleadings stand, be eliminated from the case.

It must not be understood by what is hereinbefore said in respect to the burden of proof in respect to the solvency of the accounts that if there should —: —: proceeding on rehearing. be another hearing that the defendant may not again give evidence in support of the allegations of his answer. If the plaintiff makes out a *prima facie* case the defendant may not only rebut that by evidence, but may also adduce evidence to sustain the defense pleaded by his answer.

The decree will be reversed and cause remanded. All concur.